# Exhibit A

# DISTRICT COURT CIVIL COVER SHEET

................................ County, Nevada

Case No. ...A-15-714996-C........ Dept XXIII

*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): KRISHAN LAL, KULDIP KAUR, KANCHAN PAUL, and RANJANA PAUL | Defendant(s) (name/address/phone): MARINA LONG, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAYS SAINTS, ET AL. |
|---|---|
| Attorney (name/address/phone): | Attorney (name/address/phone): |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant**<br>☐ Unlawful Detainer<br>☐ Other Landlord/Tenant<br>**Title to Property**<br>☐ Judicial Foreclosure<br>☐ Other Title to Property<br>**Other Real Property**<br>☐ Condemnation/Eminent Domain<br>☐ Other Real Property | **Negligence**<br>X Auto<br>☐ Premises Liability<br>☐ Other Negligence<br>**Malpractice**<br>☐ Medical/Dental<br>☐ Legal<br>☐ Accounting<br>☐ Other Malpractice | **Other Torts**<br>☐ Product Liability<br>☐ Intentional Misconduct<br>☐ Employment Tort<br>☐ Insurance Tort<br>☐ Other Tort |
| **Probate** | **Construction Defect & Contract** | **Judicial Review/Appeal** |
| **Probate** *(select case type and estate value)*<br>☐ Summary Administration<br>☐ General Administration<br>☐ Special Administration<br>☐ Set Aside<br>☐ Trust/Conservatorship<br>☐ Other Probate<br>**Estate Value**<br>☐ Over $200,00<br>☐ Between $100,000 and $200,000<br>☐ Under $100,000 or Unknown<br>☐ Under $2,500 | **Construction Defect**<br>☐ Chapter 40<br>☐ Other Construction Defect<br>**Contract Case**<br>☐ Uniform Commercial Code<br>☐ Building and Construction<br>☐ Insurance Carrier<br>☐ Commercial Instrument<br>☐ Collection of Accounts<br>☐ Employment Contract<br>☐ Other Contract | **Judicial Review**<br>☐ Foreclosure Mediation Case<br>☐ Petition to Seal Records<br>☐ Mental Competency<br>**Nevada State Agency Appeal**<br>☐ Department of Motor Vehicle<br>☐ Worker's Compensation<br>☐ Other Nevada State Agency<br>**Appeal Other**<br>☐ Appeal from Lower Court<br>☐ Other Judicial Review Appeal |
| Civil Writ | | Other Civil Filing |
| **Civil Writ**<br>☐ Writ of Habeas Corpus<br>☐ Writ of Mandamus<br>☐ Writ of Quo Warrant | ☐ Writ of Prohibition<br>☐ Other Civil Writ | **Other Civil Filing**<br>☐ Compromise of Minor's Claim<br>☐ Foreign Judgment<br>☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court Civil Cover Sheet*

3/9/15

Date                                                          Signature of initiating party or representative

Nevada AOC -Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1



Electronically Filed
03/10/2015 02:46:32 PM

CLERK OF THE COURT

1  COMP
   LEON R. SYMANSKI, ESQ.
2  Bar No. 8686
   **CRAIG P. KENNY & ASSOCIATES**
3  501 S. Eighth Street
   Las Vegas, Nevada 89101
4  (702) 380-2800
   Attorneys for Plaintiffs
5

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| KRISHAN LAL, KULDIP KAUR, KANCHAN PAUL, and RANJANA PAUL, <br><br> Plaintiffs, <br><br> v. <br><br> MARINA LONG, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive <br><br> Defendants. | Case No. A-15-714996-C <br><br> Dept No.   XXIII <br><br> **Exempt from Arbitration** <br> **- Amount in Excess of $50,000.00** |

## COMPLAINT

Plaintiffs, by and through their attorneys CRAIG P. KENNY & ASSOCIATES, hereby alleges as follows:

1. That at all times mentioned herein and material hereto, Plaintiffs KRISHAN LAL, KULDIP KAUR, KANCHAN PAUL, and RANJANA PAUL are and were residents of Las Vegas, Clark County, Nevada.

2. That Defendant MARINA LONG was and is, at all times mentioned herein, a resident of Las Vegas, Clark County, Nevada.

3. That Defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, hereinafter (hereinafter "PRESIDENT"), was and is an entity

1

1  duly authorized to conduct business in the State of Nevada.

2      4. That Defendant, hereinafter CORPORATION OF THE PRESIDING BISHOP OF THE
3  CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS (hereinafter "BISHOP"), was and is an
4  entity duly authorized to conduct business in the State of Nevada.

5      5. That all times mentioned in this Complaint, on June 26, 2014, Defendant LONG was a
6  permissive user of a 2013 Chevy Malibu owned by Defendants PRESIDENT and BISHOP on Alexander
7  Road at its intersection with Durango Blvd in Las Vegas, Nevada.

8      6. That at all times mentioned herein, Defendant LONG was an employee, agent, and/or
9  missionary of Defendants PRESIDENT, BISHOP, DOES I through X, and/or ROE CORPORATIONS
10 I through X, and that all acts or omissions mentioned herein which were performed by Defendant
11 LONG, were performed within the course and scope of her employment/agency/missionary work with
12 said Defendants.

13     7. The true names and capacities, whether individual, corporate, associate, or otherwise, of
14 the Defendants named herein as DOES I through X and ROE CORPORATIONS I through X, inclusive,
15 are unknown to Plaintiffs at this time and Plaintiffs, therefore, sue said Defendants by such fictitious
16 names. Plaintiffs are informed and believes and, therefore, alleges that each of the Defendants
17 designated herein as DOE are responsible in some manner for the events and happenings referred to and
18 caused damages proximately to Plaintiffs as hereinafter alleged, and Plaintiffs will ask leave of this
19 Court to amend her Complaint to insert the true names and capacities of said DOES when the same
20 become ascertained, and join said Defendants in this action.

21     8. On Thursday June 26, 2014, at 7:37 p.m. in Las Vegas, Clark County, Nevada, Plaintiff
22 KRISHAN LAL was operating a vehicle with Plaintiffs KULDIP KAUR, KANCHAN PAUL, and
23 RANJANA PAUL as his passengers. Plaintiffs were driving southbound on Durango and they had a
24 green light as they entered the intersection with Alexander Road. Defendant LONG, who was in the
25 course and scope of her employment, agency, missionary work with Defendants PRESIDENT and
26 BISHOP, was driving eastbound on Alexander the Chevy Malibu owned by Defendants PRESIDENT
27 and BISHOP. Defendant LONG was driving at 52 mph, more than 7 miles above the speed limit, on
28 Alexander and as she approached the intersection with Durango, Defendant LONG had a red light.

2

1  Defendant LONG ran the red light and amshed into Plaintiffs' who had control of the intersection,
2  propelling Plaintiffs' into a light pole. Upon the collision with the light pole, Plaintiff KAUR was
3  ejected from the vehicle. Plaintiffs were all transported to UMC Trauma with serious injuries. The
4  LVMPD Fatality Unit conducted an investigation of the accident.

5       9. Plaintiffs allege that Defendant LONG's negligence in speeding and running a red light,
6  caused her to smash into Plaintiffs' vehicle. Defendant LONG's negligence was the proximate and legal
7  cause of this accident.

8       10. Plaintiffs allege that since Defendant LONG's negligence was committed while she
9  was acting within the course and scope of her employment/agency/missionary work with Defendant
10 PRESIDENT, BISHOP, DOES I through X, and/or ROE CORPORATIONS I through X, and these
11 Defendants are vicariously liable for the negligence of Defendant LONG pursuant to the doctrine of
12 respondeat superior and agency liability.

13      11. Plaintiffs allege that Defendant LONG's negligence was committed while she was
14 acting under the direct supervision of her employer/agent/entity on whose behalf she was on a mission,
15 Defendants PRESIDENT, BISHOP, who failed to properly supervise, monitor, and regulate the behavior
16 of its employee/agent/missionary, LONG. In particular, Defendants PRESIDENT and BISHOP did not
17 properly train and supervise Defendant LONG as to safe driving in Las Vegas. As a direct result of this
18 negligent supervision, Plaintiffs were injured.

19      12. That at all times mentioned herein, Defendant LONG was an employee, agent, and
20 missionary for Defendants PRESIDENT and BISHOP. Defendants PRESIDENT and BISHOP did not
21 provide a reasonable background check on LONG as to her ability to safely drive one of its vehicles.
22 If Defendant LG had conducted a reasonable investigation of Defendant LONG, Defendants would have
23 seen that Defendant LONG was not qualified to safely drive the car in question. In failing to adequately
24 investigate Defendant LONG, Defendants PRESIDENT and BISHOP were negligent in the hiring of
25 Defendant LONG to drive the subject vehicle. As a result of Defendants PRESIDENT and BISHOP's
26 negligent hiring of Defendant LONG to drive their vehicle, Plaintiffs were injured

27      13. Plaintiff alleges that prior to this accident, Defendants PRESIDENT and BISHOP knew of
28 Defendant LONG's unsafe driving record. Nonetheless, Defendants PRESIDENT and BISHOP still

3

directed LONG to operate, as part of her job/missionary duties, the motor vehicle involved in the subject accident. In allowing LONG to drive the vehicle even though they knew that she was an unsafe driver, Defendants PRESIDENT and BISHOP are liable for negligent entrustment of the vehicle to LONG.

14. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiffs each suffered serious and disabling injuries together with other economic losses in an amount in excess of $10,000.00.

15. That as a further direct and proximate result of the aforesaid negligence of Defendants and each of them, Plaintiffs have been and will in the future be caused to expend sums of money for medical care and expenses, the total amount of which cannot at this time be determined.

16. That it has been necessary for Plaintiffs to retain legal counsel and therefore Plaintiffs are entitled to reasonable attorneys fees and costs as damages in this action.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

1. For general damages in a sum in excess of $10,000.00;
2. For special damages in an amount to be ascertained at trial;
3. For reasonable attorneys fees, costs, and prejudgment interest; and,
4. For such other and further relief as the Court may deem appropriate.

DATED this ____ day of March, 2015.

**CRAIG P. KENNY & ASSOCIATES**

By: _____
**LEON R. SYMANSKI, ESQ.**
Nevada Bar No. 8686
501 S. Eighth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

4

1  IAFD
   LEON R. SYMANSKI, ESQ.
2  Bar No. 8686
   CRAIG P. KENNY & ASSOCIATES
3  501 S. Eighth Street
   Las Vegas, Nevada 89101
4  (702) 380-2800
   Attorneys for Plaintiffs
5

6
                    DISTRICT COURT
7                CLARK COUNTY, NEVADA

8
9  KRISHAN LAL, KULDIP KAUR,
   KANCHAN PAUL, and RANJANA PAUL,
10                                          CASE NO:
        Plaintiffs,
11                                          DEPT. NO:
   v.
12
   MARINA LONG, CORPORATION OF
13 THE PRESIDENT OF THE CHURCH OF
   JESUS CHRIST OF LATTER-DAY
14 SAINTS, CORPORATION OF THE
   PRESIDING BISHOP OF THE CHURCH
15 OF JESUS CHRIST OF LATTER DAY
   SAINTS, et al.
16
17      Defendants.
18

19     Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties
20 appearing in the above-entitled action as indicated below:
21     Plaintiff NRISHAN LAL                              $270
22     Plaintiff KULDIP KAUR                              $30
23     Plaintiff KANCHAN PAUL                             $30
24
25
26
27
28

                                    1

| | |
|---|---|
| Plaintiff RANJANA PAUL | $30 |
| TOTAL FEES: | $360 |

DATED this ___9th___ day of March, 2015.

                           **CRAIG P. KENNY & ASSOCIATES**

By: _____
               **LEON R. SYMANSKI, ESQ.**
               Nevada Bar No. 8686
               501 S. 8th Street
               Las Vegas, Nevada 89101
               Attorneys for Plaintiffs